JUDGE **COTE**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| HERMÈS INTERNATIONAL, and HERMÈS OF PARIS, INC., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN DOE 1 A/K/A LI HUA A/K/A YAO DONG; JOHN DOE 2 A/K/A HAO DA TOU A/K/A DA TOU LI A/K/A HUWEISHENG A/K/A GOU YI LU; JOHN DOE 3 A/K/A LUOXIAOBO A/K/A LIU MIAN A/K/A ZHEN HONGXING A/K/A LIANGGUILIN A/K/A LUO DA YOU A/K/A GAOHONG; JOHN DOE 4 A/K/A JIU MA; JOHN DOE 5 A/K/A CHEN YIBIN A/K/A LEONA WANGQIANG; JOHN DOE 6 A/K/A IAAI A/K/A JKUOIU; JOHN DOE 7 A/K/A XIN HONG; JOHN DOE 8 A/K/A ZHENG RUISHAN; JOHN DOES 9-100; AND XYZ COMPANIES, | : | |
| | : | |
| Defendants. | : | |

SERVICE COPY

Civil Action

No. _____



## COMPLAINT

Plaintiff Hermès International and Hermès of Paris, Inc., ("Hermès" or "Plaintiffs"), by their counsel THE GIOCONDA LAW GROUP PLLC, complain and allege against Defendants John Doe 1 a/k/a Li Hua a/k/a Yao Dong; John Doe 2 a/k/a Hao Da Tou a/k/a Da Tou Li a/k/a Huweisheng a/k/a Gou Yi Lu; John Doe 3 a/k/a Luoxiaobo a/k/a Liu Mian a/k/a Zhen Hongxing a/k/a Liangguilin a/k/a Luo Da You a/k/a Gaohong; John Doe 4 a/k/a Jiu Ma; John Doe 5 a/k/a

Chen YiBin a/k/a Leona Wangqiang; John Doe 6 a/k/a Iaai a/k/a Jkuoiu; John Doe 7 a/k/a Xin

Hong; John Doe 8 a/k/a Zheng Ruishan; John Does 9-100; and XYZ Companies (hereinafter

"Defendants"), as follows.

## NATURE OF THE ACTION

1.      In this Complaint, Hermès seeks immediate, preliminary, and permanent

injunctive relief and damages because of the Defendants' widespread campaign of willful

trademark counterfeiting, infringement and cybersquatting, in violation of Sections 32, 43(a),

and 43(c) of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a) and (c), Sections 349, 350, and 360-l

of the New York General Business Law, and New York State common law.

2.      The Defendants, who have no affiliation with Hermès, have created and registered

a large number of Internet domain names which intentionally incorporate the famous HERMÈS®

and/or BIRKIN® and/or KELLY® names, alongside the word "OUTLET" and/or "BAGS" (the

"Infringing Domain Names"). To consumers, the term "OUTLET" connotes an authorized

retailer that sells authentic products such as overstock inventory.

3.      The Defendants have registered at least the following Infringing Domain Names:

1.   HermesBags-Outlet.net;
2.   HermesBagsOutletStore.com;
3.   HermesBagsOutlet.org;
4.   HermesOutlet1.com;
5.   HermesOutlet.org;
6.   HermesHandbagOutlet.org;
7.   HermesHandbagsOutlet.org;
8.   HermesHandbagsOutlet1.org;
9.   HermesHandbagsOutlet2.org;
10.  HermesOutlet2.org;
11.  HermesBagss.org;
12.  HermesBirkin-Bags.org;
13.  HermesBirkin-Bags1.org;
14.  HermesOutletStore.com;
15.  Outlet-Hermes.net;
16.  Hermes--Outlet.com;

17. DiscountHermesBag.com;
18. HermesOutletMall.com;
19. HermesOutletBags.com;
20. HermesHandbags-Outlet.net
21. HermesKellyOutlet.com;
22. HermesOutletBags.net;
23. HermesOutletBags.org;
24. HermesOutletHandbags.com;
25. HermesOutletSale.com;
26. HermesOutletShop.com;
27. HermesOutletShop.info;
28. Hermes-BagsOutlet.com;
29. HermesBagsOutlets.net;
30. Hermes-BagsOutlets.com;
31. HermesBagsOutlet.net;
32. DeHermesHandbags.com;
33. Outlet-eHermes.com; and
34. HermesHandbagsOutlets.com.

4.      When a consumer searches in the Google or Yahoo! Internet search engines for

genuine Hermès products, she discovers numerous sophisticated websites associated with each of

these Infringing Domain Names (the "Infringing Websites").

5.      On the Infringing Websites, she views the Defendants offering a wide variety of

"Hermès"-branded items for sale, including ladies handbags and purses; men's briefcases;

wallets and passport cases; ladies' and men's belts; scarves; jewelry (including necklaces,

bracelets and bangles), and wristwatches that bear a variety of federally registered Hermès

Trademarks and Designs (as defined herein), but which are actually unauthorized counterfeits

("Counterfeit Products").

6.      Many of the Counterfeit Products are being offered for sale at prices over two

hundred dollars ($200.00) each, with some of the Counterfeit Products priced up to six hundred

ninety-two dollars ($692.00) each.

7.      In a deliberate attempt to confuse consumers and defraud the public, the

Defendants create, promote, and operate the Infringing Domain Names and Infringing Websites

as though they were authorized Hermès online retail stores by misappropriating Hermès' logos and advertising images throughout the Infringing Websites. Below is a banner image displayed on www.HermesKellyOutlet.com, describing itself as an "Hermès Online Store," and offering "Free Shipping":



8.      Below is another banner image displayed on HermesOutletHandbags.com:



9.      The Defendants go so far as to utilize Hermès' distinctive and trademarked product names including BIRKIN®, SHOULDER BIRKIN®, PLUME®, JYPSIERE®, SO

KELLY®, PICOTIN®, BOLIDE® and LINDY®, and even displaying Hermès store images.

Below is an image displayed on www.HermesOutletBags.com:



10.     To ensure consumers are thoroughly defrauded, the Defendants display images of the Counterfeit Products in orange Hermès boxes, packaging, and dust bags, along with counterfeit receipts and fraudulent documentation.

11.     Upon information and belief, certain of the Defendants tell prospective consumers to "SHOP WITH CONFIDENCE," pretending to be legitimized by third parties, such as the Better Business Bureau®, when they are not.

12.     Upon information and belief, the Defendants have made active use of the services of banks, credit card companies, credit card processing agencies, and other financial institutions or agencies that engage in the transfer of funds in order to carry out, facilitate, complete, or ratify the unlawful actions complained of herein, or used such entities to hold, transfer, remit, relay, maintain, or invest profits from the unlawful activities described herein.

13.     Additionally, upon information and belief, the Defendants utilize Internet-based payment processors that make use of the PayPal® service and major credit cards such as Visa,

MasterCard, and American Express to receive financial payment for Counterfeit Products sold on the Infringing Websites.

14.     Further, upon information and belief, to evade detection, the Defendants frequently conceal their true identities by submitting materially false contact information to Internet registrars and registries. A chart detailing the investigation related to the Defendants, the Infringing Domain Names, and Infringing Websites is attached hereto as Exhibit 1.

## JURISDICTION AND VENUE

15.     This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a) for the claims arising out of the violations of Sections 32 and Section 43 of the Lanham Act; has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for the claims arising out of the violation of Sections 349, 350, and 360-l of the New York Business Law, and all other claims arising under the common law of the State of New York; and has jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367 for the claims under the common law of unfair competition.

16.     This Court has personal jurisdiction over the Defendants because the products that are the subject of this action were, and continue to be, sold to consumers in New York. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events giving rise to the claims occurred in this district.

## PARTIES AND JURISDICTION

17.     **Plaintiff Hermès International** is a French corporation having its principal place of business at 24 Rue du Faubourg St. Honoré 75008 Paris, France. Hermès does business in the United States through its wholly owned subsidiary Hermès of Paris, Inc., a New York corporation having its principal office at 55 East 59th Street, New York NY 10022.

18.     **Plaintiff Hermès of Paris, Inc.** is a New York corporation with a principal place of business at 55 East 59th Street, New York, NY 10022. Hermès International does business in the United States through its wholly-owned subsidiary Hermès of Paris, Inc. Hermès of Paris distributes Hermès merchandise in the United States and is duly authorized to use the intellectual property rights owned by Hermès International in the United States. Consequently, Hermès of Paris, Inc. possesses the right and obligation to enforce such rights in the United States.

19.     Upon information and belief, **DEFENDANT JOHN DOE 1** is an individual or entity whose actual name is unconfirmed, who is the registrant of at least the following Infringing Domain Names: **HermesBags-Outlet.net; HermesBagsOutletStore.com; HermesBagsOutlet.org; HermesOutlet1.com; HermesOutlet.org; HermesHandbagOutlet.org; HermesHandbagsOutlet.org; HermesHandbagsOutlet1.org; HermesHandbagsOutlet2.org; HermesOutlet2.org; HermesBagss.org; HermesBirkin-Bags.org;** and **HermesBirkin-Bags1.org.**

20.     Upon information and belief, **DEFENDANT JOHN DOE 1** has used the names **LI HUA** and/or **YAO DONG**. Upon information and belief, **DEFENDANT JOHN DOE 1** is engaged in the manufacture, distribution, sale, and advertisement of Counterfeit Products on websites associated with these Infringing Domain Names. Screenshots of these Infringing Websites are attached hereto as Exhibit 2.

21.     Upon information and belief, **DEFENDANT JOHN DOE 2** is an individual or entity whose actual name is unconfirmed, who is the registrant of at least the following Infringing Domain Names: **HermesOutletStore.com; Outlet-Hermes.net; Hermes--Outlet.com; DiscountHermesBag.com;** and **HermesOutletMall.com.**

22.     Upon information and belief, **DEFENDANT JOHN DOE 2** has used the names **HAO DA TOU, DA TOU LI, HUWEISHENG,** and/or **GOU YI LU.** Upon information and belief, **DEFENDANT JOHN DOE 2** is engaged in the manufacture, distribution, sale, and advertisement of Counterfeit Products on websites associated with these Infringing Domain Names. Screenshots of these Infringing Websites are attached hereto as Exhibit 3.

23.     Upon information and belief, **DEFENDANT JOHN DOE 3** is an individual or entity whose actual name is unconfirmed, who is the registrant of at least the following Infringing Domain Names: **HermesOutletBags.com; HermesHandbags-Outlet.net; HermesKellyOutlet.com; HermesOutletBags.net; HermesOutletBags.org; HermesOutletHandbags.com;** and **HermesOutletSale.com.**

24.     Upon information and belief, **DEFENDANT JOHN DOE 3** has used the names **LUOXIAOBO, LIU MIAN, ZHEN HONGXING, LIANGGUILIN, LUO DA YOU** and/or **GAOHONG.** Upon information and belief, **DEFENDANT JOHN DOE 3** is engaged in the manufacture, distribution, sale, and advertisement of Counterfeit Products on websites associated with these Infringing Domain Names. Screenshots of these Infringing Websites are attached hereto as Exhibit 4.

25.     Upon information and belief, **DEFENDANT JOHN DOE 4** is an individual or entity whose actual name is unconfirmed, who is the registrant of at least the following Infringing Domain Names: **HermesOutletShop.com** and **HermesOutletShop.info.**

26.     Upon information and belief, **DEFENDANT JOHN DOE 4** has used the name **JIU MA.** Upon information and belief, **DEFENDANT JOHN DOE 4** is engaged in the manufacture, distribution, sale, and advertisement of Counterfeit Products on websites associated

with these Infringing Domain Names. Screenshots these Infringing Websites are attached hereto as Exhibit 5.

27.     Upon information and belief, **DEFENDANT JOHN DOE 5** is an individual or entity whose actual name is unconfirmed, who is the registrant of the Infringing Domain Names **Hermes-BagsOutlet.com, HermesBagsOutlet.net** and **Hermes-BagsOutlets.com.**

28.     Upon information and belief, **DEFENDANT JOHN DOE 5** has used the names **CHEN YIBIN** and **LEONA WANGQIANG.** Upon information and belief, **DEFENDANT JOHN DOE 5** is engaged in the manufacture, distribution, sale, and advertisement of Counterfeit Products on a website associated with these Infringing Domain Names. Screenshots of these Infringing Websites are attached as Exhibit 6.

29.     Upon information and belief, **DEFENDANT JOHN DOE 6** is an individual or entity whose actual name is unconfirmed, who is the registrant of at least the following Infringing Domain Names **HermesBagsOutlet.net** and **DeHermesHandbags.com.**

30.     Upon information and belief, **DEFENDANT JOHN DOE 6** has used the names **IAAI** and/or **JKUOIU.** Upon information and belief, **DEFENDANT JOHN DOE 6**is engaged in the manufacture, distribution, sale, and advertisement of Counterfeit Products on a website associated with these Infringing Domain Names. Screenshots of these Infringing Websites are attached as Exhibit 7.

31.     Upon information and belief, **DEFENDANT JOHN DOE 7** is an individual or entity whose actual name is unconfirmed, who is the registrant of the Infringing Domain Name **Outlet-eHermes.com.**

32.     Upon information and belief, **DEFENDANT JOHN DOE 7** has used the name **XIN HONG.** Upon information and belief, **DEFENDANT JOHN DOE 7** is engaged in the

manufacture, distribution, sale, and advertisement of Counterfeit Products on a website associated with this Infringing Domain Name. A screenshot of this Infringing Website is attached as Exhibit 8.

33.    Upon information and belief, **DEFENDANT JOHN DOE 8** is an individual or entity whose actual name is unconfirmed, who is the registrant of the Infringing Domain Name **HermesHandbagsOutlets.com**.

34.    Upon information and belief, **DEFENDANT JOHN DOE 8** has used the name **ZHENG RUISHAN**. Upon information and belief, **DEFENDANT JOHN DOE 8** is engaged in the manufacture, distribution, sale, and advertisement of Counterfeit Products on a website associated with this Infringing Domain Name. A screenshot of this Infringing Website is attached as Exhibit 9.

35.    Upon information and belief, **DEFENDANTS JOHN DOES 9-100** are individuals and/or entities consciously engaged in directing, controlling, ratifying, facilitating, promoting, or otherwise participating in the manufacture, sale, distribution, and advertisement of Counterfeit Products in connection with the Infringing Websites and Infringing Domain Names, or who consciously and directly benefit financially from the manufacture, distribution, sale, and advertisement of Counterfeit Products in connection with the Infringing Websites and Infringing Domain Names, but whose identities, actual names, addresses, and telephone numbers are presently unknown.

36.    Upon information and belief, **DEFENDANTS XYZ COMPANIES** are companies consciously engaged in directing, controlling, ratifying, facilitating, promoting, or otherwise participating in the manufacture, sale, distribution, and advertisement of Counterfeit Products in connection with the Infringing Websites and Infringing Domain Names, or who