115. To enhance its rights further, Hermès obtained federal registrations for the Hermès Trademarks and Designs.

116. The Defendants' sale of goods that use the Hermès Trademarks and Designs constitutes use in commerce of the Hermès Trademarks and Designs.

117. Hermès has not licensed or otherwise authorized the Defendants' use of the Hermès Trademarks and Designs

118. Consumers are likely to purchase the Defendants' products in the erroneous belief that the Defendants are associated with, sponsored by, or affiliated with Hermès, or that Hermès is the source of those products.

119. The Defendants' use of the Hermès Trademarks and Designs dilutes and/or is likely to dilute the distinctive quality of those marks and to lessen the capacity of such marks to identify and distinguish Hermès' goods. The Defendants' unlawful use of the Hermès Trademarks and Designs in connection with inferior goods is also likely to tarnish those trademarks and cause blurring in the minds of consumers between Hermès and the Defendants, thereby lessening the value of the Hermès Trademarks and Designs as unique identifiers of Hermès' products.

120. The Defendants' acts have caused and will continue to cause irreparable injury to Hermès. Hermès has no adequate remedy at law and is thus damaged in an amount yet to be determined.

# SIXTH CLAIM FOR RELIEF

## (Against All Defendants)

## Trademark Dilution In Violation of the New York General Business Law
## (N.Y. Gen. Bus. Law § 360-l)

121. Hermès hereby repeats each and every allegation set forth in paragraphs 1 to 120 above as if fully set forth herein.

122. New York General Business Law, Section 360-l provides that:

Likelihood of injury to business reputation or of dilution of the distinctive quality of a mark or trade name shall be a ground for injunctive relief in cases of infringement of a mark registered or not registered or in cases of unfair competition, notwithstanding the absence of competition between the parties or the absence of confusion as to the source of goods or services.

123. Hermès International is the exclusive owner of the Hermès Trademarks and Designs.

124. Through prominent, long, and continuous use in commerce, including commerce within New York, the Hermès Trademarks and Designs have become and continue to be famous and distinctive.

125. Long after the Hermès Trademarks and Designs became famous, the Defendants, without authorization from Hermès, used unauthorized reproductions, counterfeits, copies, and colorable imitations of the Hermès Trademarks and Designs.

126. The Defendants' unauthorized use of the Hermès Trademarks and Designs dilutes or is likely to dilute the distinctive quality of those marks and to lessen the capacity of such marks to identify and distinguish Hermès' goods.

127. The Defendants' unlawful use of the Hermès Trademarks and Designs in connection with inferior goods is also likely to tarnish those trademarks and cause blurring in the

minds of consumers between Hermès and the Defendants, thereby lessening the value of the Hermès Trademarks and Designs as unique identifiers of Hermès' products.

128. By the acts described above, the Defendants have diluted, and is likely to dilute the distinctiveness of the Hermès Trademarks and Designs and caused a likelihood of harm to Hermès' business reputation in violation of Section 360–l of the New York General Business Law.

129. The Defendants' acts have caused, and will continue to cause, irreparable injury to Hermès. Hermès has no adequate remedy at law and is thus damaged in an amount not yet determined.

## SEVENTH CLAIM FOR RELIEF

(Against All Defendants)

**Deceptive Acts and Practices Unlawful In Violation of the New York General Business Law (N.Y. Gen. Bus. Law §§ 349 and 350)**

130. Hermès hereby repeats each and every allegation set forth in paragraphs 1 to 129 above as if fully set forth herein.

131. New York General Business Law, Section 349 states in relevant part that: "Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful."

132. New York General Business Law, Section 350 states in relevant part that: "False advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state is hereby declared unlawful."

133. Through their importation, advertisement, distribution, offer to sell, and sale of unauthorized products bearing the Hermès Trademarks and Designs, the Defendants have

engaged in consumer-oriented conduct that has affected the public interest of New York and has resulted in injury to consumers in New York.

134. The Defendants' deceptive acts or practices, as described herein, are materially misleading. Such acts or practices have deceived or have a tendency to deceive a material segment of the public to whom the Defendants have directed their marketing activities, and Hermès has been injured thereby.

135. By the acts described above, the Defendants have willfully engaged in deceptive acts or practices in the conduct of business and furnishing of services in violation of Section 349 and 350 of the New York General Business Law.

136. The Defendants' acts have caused, and will continue to cause, irreparable injury to Hermès. Hermès has no adequate remedy at law and is thus damaged in an amount not yet determined.

## EIGHTH CLAIM FOR RELIEF

### (Against All Defendants)

### Trademark Infringement In Violation of New York State Common Law

137. Hermès hereby repeats each and every allegation set forth in paragraphs 1 to 136 above as if fully set forth herein.

138. Hermès International owns all right, title, and interest in and to the Hermès Trademarks and Designs as described above, including all common law rights in the Hermès Trademarks and Designs.

139. The products sold by the Defendants incorporate imitations of Hermès' common law trademarks. The Defendants' use of the Hermès Trademarks and Designs is unauthorized, and is likely to cause consumer confusion.

140. By the acts described above, the Defendants have engaged in trademark infringement in violation of the common law of the State of New York.

141. The Defendants' acts have caused, and will continue to cause, irreparable injury to Hermès. Hermès has no adequate remedy at law and is thus damaged in an amount not yet determined.

## NINTH CLAIM FOR RELIEF

### (Against All Defendants)

### Unfair Competition In Violation of the New York Common Law

142. Hermès hereby repeats each and every allegation set forth in paragraphs 1 to 141 above as if fully set forth herein.

143. The Defendants have palmed off their goods as those of the Plaintiff, improperly trading upon the Plaintiff's goodwill and valuable rights in and to the Hermès Trademarks and Designs.

144. The Defendants committed the above alleged acts willfully, and in conscious disregard of Hermès' rights, and Hermès is therefore entitled to exemplary and punitive damages pursuant to the common law of the State of New York in an amount sufficient to punish, deter, and make an example of the Defendants.

145. By the acts described above, the Defendants have engaged in unfair competition in violation of the common law of the State of New York.

146. The Defendants' acts have caused and will continue to cause irreparable injury to Hermès. Hermès has no adequate remedy at law and is thus damaged in an amount yet to be determined.

# PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays:

1. For a **FINAL JUDGMENT** that:

   a. The Defendants have engaged in trademark counterfeiting and infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114;

   b. The Defendants have violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

   c. The Defendants have violated Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c);

   d. The Defendants have diluted the distinctiveness of the Hermès Trademarks and Designs and caused injury to Hermès' business reputation in violation of Section 360-l of the New York General Business Law;

   e. The Defendants have engaged in deceptive acts and practices unlawful in violation of Sections 349 and 350 of the New York General Business Law;

   f. The Defendants have engaged in trademark infringement in violation of the common law of the State of New York;

   g. The Defendants have engaged in unfair competition in violation of the common law of the State of New York;

   h. That the above acts were done willfully, and/or intentionally.

2. For entry of an **ORDER** immediately, preliminarily, and permanently enjoining and restraining the Defendants, and its officers, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them, from:

a. Registering or seeking to register any additional Internet domain names that incorporates any of the Hermès Trademarks in whole or in part;

b. Using any reproduction, counterfeit, copy, or colorable imitation of the Hermès Trademarks or Designs (as defined herein) for and in connection with any goods or their packaging not authorized by Hermès;

c. Engaging in any course of conduct likely to cause confusion, deception, or mistake, or to injure Plaintiff's business reputation or dilute the distinctive quality of the Hermès Trademarks or Designs;

d. Using any false description or representation, including words or other symbols tending falsely to describe or represent Defendants' unauthorized goods or their packaging as being those of Hermès, or sponsored by or associated with Hermès, and from offering such goods into commerce;

e. Further infringing the Hermès Trademarks or Designs by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting, displaying, or otherwise disposing of any products or their packaging not authorized by Hermès that bear any simulation, reproduction, counterfeit, copy, or colorable imitation of the Hermès Trademarks or Designs;

f. Using any simulation, reproduction, counterfeit, copy, or colorable imitation of the Hermès Trademarks or Designs in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation, or distribution of any unauthorized products or their packaging in such fashion as to relate or connect, or tend to relate or connect, such products

in any way to Hermès, or to any goods sold, manufactured, sponsored, or approved by, or connected with Hermès;

g. Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which may or is likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, distributed, or sold by Defendants are in any manner associated or connected with Hermès, or are sold, manufactured, licensed, sponsored, approved, or authorized by Hermès;

h. Infringing the Hermès Trademarks or Designs, or Plaintiff's rights therein, or using or exploiting the Hermès Trademarks or Designs, or diluting the Hermès Trademarks or Designs;

i. Secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records that contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting, or displaying of all unauthorized products that infringe or dilute the Hermès Trademarks or Designs; and

j. Effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in any Final Judgment or Order in this action; and

3. For an entry of an **ORDER** directing that the Defendants deliver up for destruction to Hermès all unauthorized products, advertisements and packaging in their

possession or under their control bearing any of the Hermès Trademarks or Designs or any simulation, reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices, and other means of production of same pursuant to 15 U.S.C. § 1118.

4. For an entry of an **ORDER** transferring or canceling at Hermès' election, the Infringing Domain names and any other domain names used by the Defendants to engage their counterfeit activities to Hermès 'control so they may no longer be used for illegal purposes; and

5. For entry of an **ORDER** that, upon Hermès request, the Internet Registries shall take all actions necessary to ensure that the Infringing Domain names be transferred and or disabled accordingly;

6. For entry of a **FURTHER ORDER** requiring the Defendants to disseminate corrective advertisements in a form approved by the Court to acknowledge its violations of the law hereunder, and to ameliorate the false and deceptive impressions produced by such violations.

7. For such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any products or associated packaging manufactured, sold, or otherwise circulated or promoted by the Defendants are authorized by Hermès or related in any way to Hermès' products.

8. For an assessment of the **ACTUAL DAMAGES** suffered by Hermès, trebled, and an award of all profits that Defendants have derived from using the Hermès Trademarks and Designs, trebled, as well as costs and attorneys' fees to the full extent provided for by Section 35 of the Lanham Act, 15 U.S.C. § 1117.

9. Alternatively, that Hermès be awarded **STATUTORY DAMAGES** pursuant to 15 U.S.C. § 1117 of no less than **one hundred million dollars ($100,000,000.00)**, based on,

*inter alia*, the maximum amount available of two million dollars ($2,000,000) per trademark willfully counterfeited and infringed, per type of good and service offered, as well as attorneys' fees and costs; and awarding profits, damages and fees, to the full extent available, pursuant to Sections 349 and 360-l of the New York General Business Law; and punitive damages to the full extent available under the common law.

10. For **COSTS OF SUIT**, and for such other and further relief as the Court shall deem appropriate.

## A TRIAL BY JURY IS DEMANDED

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on all triable issues raised by this Complaint.

February 29, 2012

Respectfully Submitted,

Joseph C. Gioconda (JG4716)
Jonathan A. Malki (JM4410)
Kristin Lia (KL7394)
GIOCONDA LAW GROUP PLLC
One Penn Plaza, 36th Floor
New York, NY 10119-0002
Telephone: (212) 786-7549
Facsimile: (888) 697-9665
joseph.gioconda@giocondalaw.com

Bell Plaza, Suite 607
42-40 Bell Boulevard
Bayside, NY 11361
Telephone: (718) 423-3610

*Attorneys for Plaintiffs*
*Hermès International and Hermès of Paris, Inc.*