UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/6/2012

HERMÈS INTERNATIONAL, and
HERMÈS OF PARIS, INC.,

    Plaintiffs,

v.

JOHN DOE 1 A/K/A LI HUA A/K/A YAO DONG; JOHN DOE 2 A/K/A HAO DA TOU A/K/A DA TOU LI A/K/A HUWEISHENG A/K/A GOU YI LU; JOHN DOE 3 A/K/A LUOXIAOBO A/K/A LIU MIAN A/K/A ZHEN HONGXING A/K/A LIANGGUILIN A/K/A LUO DA YOU A/K/A GAOHONG; JOHN DOE 4 A/K/A JIU MA; JOHN DOE 5 A/K/A CHEN YIBIN A/K/A LEONA WANGQIANG; JOHN DOE 6 A/K/A IAAI A/K/A JKUOIU; JOHN DOE 7 A/K/A XIN HONG; JOHN DOE 8 A/K/A ZHENG RUISHAN; JOHN DOES 9-100; AND XYZ COMPANIES,

    Defendants.

Civil Action

No. 12 civ. 1623

[~~PROPOSED~~]
**TEMPORARY RESTRAINING ORDER, SEIZURE ORDER, ASSET RESTRAINING ORDER, DOMAIN NAME TRANSFER ORDER, ORDER FOR EXPEDITED DISCOVERY, ORDER PERMITTING SERVICE BY ELECTRONIC MAIL, AND ORDER TO SHOW CAUSE FOR A PRELIMINARY INJUNCTION**

Plaintiff Hermès International and Hermès of Paris, Inc., ("Hermès" or "Plaintiffs"), by their counsel THE GIOCONDA LAW GROUP PLLC have moved *ex parte* against Defendants for a Temporary Restraining Order, Seizure Order, Asset Restraining Order, Domain Name Transfer

Order, Order for Expedited Discovery, Order Permitting Service by Electronic Mail, and Order to Show Cause for a Preliminary Injunction.

The Court, having reviewed the Complaint, Memorandum of Law, supporting Declaration, and exhibits submitted herewith, finds that:

1. Plaintiffs are the owners of numerous valid and enforceable federally registered trademarks (the "Hermès Trademarks"), including the following registrations:

| Registration Number | Registered Trademark | Registration Date | Relevant International Classes |
|---|---|---|---|
| 368,785 | HERMES | June 27, 1939 | IC 8 and 14 (Jewelry) |
| 369,271 | HERMES | July 18, 1939 | IC 14 (Watches) |
| 369,681 | HERMES | Aug. 1, 1939 | IC 18 (Handbags and purses) |
| 369,944 | HERMES | August 8, 1939 | IC 10, 25 and 26 (Belts, scarves) |
| 2,893,199 | PLUME | Oct. 12, 2004 | IC 18 (Handbags and purses) |
| 2,991,927 | BIRKIN | Sept. 6, 2005 | IC 18 (Handbags and purses) |
| 3,198,963 | HERMES | January 16, 2007 | IC 35 (Computerized online retail store services in the fields of clothing and fashion accessories) |
| 3,480,825 | LINDY | August 5, 2008 | IC 18 (Handbags and purses) |
| 3,730,618 | JYPSIERE | Dec. 29, 2009 | IC 18 (Handbags and purses) |
| 3,834,062 | SO KELLY | August 17, 2010 | IC 18 (Handbags and purses) |
| 3,994,070 | BOLIDE | July 12, 2011 | IC 18 (Handbags and purses) |

2. Plaintiffs are also the owners of numerous valid and enforceable federally registered trademarks (the "Hermès Designs"), including the following registrations:

| Registration Number | Registered Trademark | Registration Date | Relevant International Classes |
|---|---|---|---|
| 1,806,107 | [design drawing of handbag] | Nov. 23, 1993 | IC 18 (Handbags and purses) |

2

| | | | |
|---|---|---|---|
| 1,806,108 | | Nov. 23, 1993 | IC 18 (Handbags and purses) |
| 2,436,099 | | March 20, 2001 | IC 18 (Handbags and purses) |
| 2,866,641 | HERMÈS PARIS | July 27, 2004 | IC 35 (Online retail store services in the fields of clothing, fashion accessories, etc.). |
| 3,198,973 | HERMÈS | Jan. 16, 2007 | IC 35 (Online retail store services in the fields of clothing, fashion accessories, etc.). |
| 3,233,558 | | Apr. 24, 2007 | IC 6 (wallets); 14 (jewelry); 18 (handbags and purses); 25 (clothing); 26 (belt buckles) |

| Registration No. | Mark | Registration Date | Goods |
|---|---|---|---|
| 3,233,557 | H | Apr. 24, 2007 | IC 6 (wallets); 14 (jewelry); 18 (handbags and purses); 25 (clothing); 26 (belt buckles) |
| 3,348,789 | (circular H design) | Dec. 4, 2007 | IC 6 (Metal locks for handbags and purses, wallets, etc.); IC 18 (Handbags and purses) |
| 3,936,105 | | Mar. 29, 2011 | IC 18 (Handbags and purses) |
| 3,939,358 | | Apr. 5, 2011 | IC 18 (Handbags and purses) |
| 3,980,546 | HERMES PARIS (circular design) | June 21, 2011 | IC 14 (Jewelry products, namely necklaces, bracelets, watches, etc.) |

4

3. The Plaintiffs are likely to succeed in showing that Defendants are using Internet websites to offer for sale and sell products bearing Counterfeit Products (as that term is defined in the Complaint), to consumers in the United States;

4. The Defendants' manufacturing, distribution, offering for sale, and sale of Counterfeit Products will result in immediate and irreparable injury to Plaintiffs if injunctive relief is not granted, including seizure of ~~Counterfeit Products, as well as~~ Defendants' means of selling and distributing Counterfeit Products, and the disclosure of records pertaining thereto is not ordered;

5. The Plaintiffs have demonstrated that the Defendants are entities or individuals operating websites, as set forth in the Complaint ("Infringing Websites"), offering for sale and selling Counterfeit Products, using various domain names, including, without limitation, the following domain names containing the HERMES® word mark or a confusingly similar variant thereof (collectively, the "Infringing Domain Names"):

6. The Defendants have registered at least the following Infringing Domain Names:
    1. HermesBags-Outlet.net;
    2. HermesBagsOutletStore.com;
    3. HermesBagsOutlet.org;
    4. HermesOutlet1.com;
    5. HermesOutlet.org;
    6. HermesHandbagOutlet.org;
    7. HermesHandbagsOutlet.org;
    8. HermesHandbagsOutlet1.org;
    9. HermesHandbagsOutlet2.org;
    10. HermesOutlet2.org;
    11. HermesBagss.org;
    12. HermesBirkin-Bags.org;
    13. HermesBirkin-Bags1.org;
    14. HermesOutletStore.com;
    15. Outlet-Hermes.net;
    16. Hermes--Outlet.com;
    17. DiscountHermesBag.com;
    18. HermesOutletMall.com;

19. HermesOutletBags.com;
20. HermesHandbags-Outlet.net
21. HermesKellyOutlet.com;
22. HermesOutletBags.net;
23. HermesOutletBags.org;
24. HermesOutletHandbags.com;
25. HermesOutletSale.com;
26. HermesOutletShop.com;
27. HermesOutletShop.info;
28. Hermes-BagsOutlet.com;
29. HermesBagsOutlets.net;
30. Hermes-BagsOutlets.com;
31. HermesBagsOutlet.net;
32. DeHermesHandbags.com;
33. Outlet-eHermes.com; and
34. HermesHandbagsOutlets.com.

7. The Defendants would likely destroy, move, hide or otherwise make the Counterfeit Products, Defendants' means of selling and distributing Counterfeit Products, and business records relating thereto inaccessible to the Court, if Plaintiffs were to proceed on notice to the Defendants, thus frustrating the ultimate relief Plaintiffs seek in this action;

8. ~~In addition,~~ If the Plaintiffs were to proceed on notice to Defendants, the Defendants will very likely reshuffle the Infringing Domain Names comprising their network;

9. The Plaintiffs' harm from denial of the requested *ex parte* seizure order would outweigh any harm to the Defendants' legitimate interests from granting such an order;

10. The Plaintiffs have represented that they have not publicized the requested order;

11. Plaintiffs have provided the United States Attorney for the Southern District of New York with reasonable notice of this application for an *ex parte* seizure order; and

12. Entry of an order other than an *ex parte* order would not adequately achieve the purposes of the Lanham Act to preserve Plaintiffs' equitable remedies for trademark counterfeiting, including: *inter alia*, the restraint of Defendants' Infringing Websites, the seizure of Defendants' means of distributing, offering for sale and selling Counterfeit Products, the

~~acquisition of the~~ business records relating ~~to Counterfeit Products~~, and an award to Plaintiffs of lost profits.

**THEREFORE, IT IS HEREBY ORDERED** that Defendants, and their officers, agents, servants, employees and attorneys and all those in active concert or participation with them, are TEMPORARILY RESTRAINED from:

    a. Using any reproduction, counterfeit, copy or colorable imitation of the Hermès Trademarks or Designs (as defined herein) for and in connection with any goods or their packaging not authorized by Hermès;

    b. Engaging in any course of conduct likely to cause confusion, deception or mistake, or to injure Plaintiffs' business reputation or dilute the distinctive quality of the Hermès Trademarks or Designs;

    c. Using any false description or representation, including words or other symbols tending falsely to describe or represent Defendants' unauthorized goods or their packaging as being those of Hermès, or sponsored by or associated with Hermès, and from offering such goods into commerce;

    d. Further infringing the Hermès Trademarks and Designs by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting, displaying or otherwise disposing of any products or their packaging not authorized by Hermès that bear any simulation, reproduction, counterfeit, copy or colorable imitation of the Hermès Trademarks or Designs;

    e. Using any simulation, reproduction, counterfeit, copy or colorable imitation of the Hermès Trademarks or Designs in connection with the promotion,

advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized products or their packaging in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Hermès, or to any goods sold, manufactured, sponsored or approved by, or connected with Hermès;

f.  Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which is or may be likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, distributed, or sold by Defendants are in any manner associated or connected with Hermès, or are sold, manufactured, licensed, sponsored, approved or authorized by Hermès;

g.  Infringing the Hermès Trademarks or Designs or Plaintiffs' rights therein, or using or exploiting the Hermès Trademarks or Designs, or diluting the Hermès Trademarks or Designs;

h.  Secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting or displaying of all unauthorized products which infringe or dilute the Hermès Trademarks or Designs; and

i.  Effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise

avoiding the prohibitions set forth in any Final Judgment or Order in this action; and

j. Using, linking, transferring, selling, exercising control over, or otherwise owning the Infringing Domain Names, or any other domain name that incorporates, in whole or in part, any of the Hermès Trademarks; and

IT IS FURTHER ORDERED THAT Defendants immediately deliver up to Hermès all unauthorized products, advertisements and packaging in their possession or under their control bearing any of the Hermès Trademarks or Designs or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, and all plates, molds, matrices and other means of production of same pursuant to 15 U.S.C. § 1118; and

IT IS FURTHER ORDERED THAT Hermès may provide notice of this Order to the appropriate Internet registry, including without limitation Verisign, Inc. ("Verisign") and the Public Interest Registry ("PIR"), and the individual ICANN-accredited domain name registrar(s) of record for each of the Defendants' Infringing Domain Names; and

IT IS FURTHER ORDERED THAT any domain name registry that receives actual notice of this Order shall place the Infringing Domain Names within its registry on registry lock, making them non-transferable by the Defendant-Registrants, and on hold, which prevents websites associated with the Infringing Domain Names from resolving when queried by a browser pending further Order of this Court; and

IT IS FURTHER ORDERED THAT any third party providing services in connection with any Defendant's Infringing Website or Infringing Domain Name, including without limitation Internet registrars, Internet Service Providers ("ISPs"), back-end service providers, web designers, sponsored search engine or ad-word providers, merchant account providers,

banks, savings and loan associations, or other financial institutions, including without limitation PayPal, credit card companies (including but not limited to MasterCard, Visa, and American Express), payment providers, or third party payment processors (collectively, "Financial Services Providers"), and shippers (collectively, "Third Party Providers") immediately cease rendering any such services pending further Order of this Court; and

IT IS FURTHER ORDERED THAT any Third Party Provider shall, upon receiving notice of this Order, deliver to Plaintiffs or their representatives copies of documents and records relating to Defendants, Defendants' Websites, Defendants' Infringing Domain Names, Defendants' assets, and Defendants' business operations, including but not limited to records and data contained in electronic format, such delivery to be made in their native format; and

IT IS FURTHER ORDERED THAT in accordance with Rule 64 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a) and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, Defendants and their officers, servants, employees, and agents, and any persons in active concert or participation with them, and any Financial Services Providers for any Defendant, any of the Defendants' Infringing Websites, or for any other website owned or controlled by Defendants, who receive actual notice of this Order, shall immediately locate all accounts connected to Defendants and be temporarily restrained and enjoined from transferring or disposing of any money, stocks, or other of Defendants' assets, without prior approval of the Court, except as to a Defendant that files with the Court and serves upon Plaintiffs' counsel:

    (1) an accounting of any of all of Defendant's assets located in the United States and the location and identity thereof; and

(2) documentary proof accepted by Plaintiffs, (such acceptance not to be unreasonably withheld) that particular assets are not proceeds of Defendants' counterfeiting activities, in which case those particular assets shall be released to such Defendant; and

IT IS FURTHER ORDERED THAT any Financial Services Providers shall, upon receiving notice of this Order, deliver to Plaintiffs or their representatives copies of documents and records relating to Defendants' assets and business operations, including but not limited to records and data contained in electronic format, such delivery to be made in their native format; and

IT IS FURTHER ORDERED THAT this Temporary Restraining Order shall remain in effect until the date for hearing on the Order to Show Cause set forth, or such further dates as set by the Court, unless Defendants stipulate, or have not objected, to the Preliminary Injunction; and

IT IS FURTHER ORDERED THAT Plaintiffs shall post a corporate surety bond, cash or certified or attorney's check in the amount of $1,000.00 as security, determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful seizure or restraint hereunder; and

IT IS FURTHER ORDERED THAT the Plaintiffs may complete service of process on Defendants by electronic mail to the addresses set forth in Exhibit 1 of the Complaint, which Plaintiffs have demonstrated will provide adequate notice to Defendants pursuant to FED. R. CIV. P. 4; and

IT IS FURTHER ORDERED THAT sufficient cause having been shown, the above seizure shall take place, and service of this Order together with the Summons and Complaint

shall be made ~~within twenty (20) business days from the date of this Order~~ by March 9, 2012 or at such time as may be extended by this Court; and

IT IS FURTHER ORDERED THAT Plaintiffs' counsel shall file with the court within ten (10) business days after this Order is executed, an affidavit, declaration or other statement stating the date on which the Order was executed, the means of serving Defendants, whether goods and/or other materials were seized and a description thereof, whether domain names were seized and a description thereof and whether assets were seized and/or restrained a description thereof; and

IT IS FURTHER ORDERED THAT the Defendants appear to show CAUSE on March 20, 2012 at noon ~~a.m./p.m.~~, or as soon thereafter as counsel can be heard, in Courtroom 15B of the United States District Court for the Southern District of New York at 500 Pearl Street, New York, NY, why an Order pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure and Section 34 of the Lanham Act should not be entered granting Plaintiffs a Preliminary Injunction on the terms as set forth above, and

IT IS FURTHER ORDERED THAT Defendants' answering papers, if any, shall be filed with the Clerk of this Court and served upon the attorneys for Plaintiff by delivering copies thereof to the offices of the Gioconda Law Group PLLC, 1 Penn Plaza, 36th Floor, Attn: Joseph C. Gioconda, Esq., before noon on March 16, 2012 Any reply shall be filed and served by Plaintiffs at the hearing.

Defendants are hereby given notice that failure to attend the hearing scheduled herein may result in confirmation of the seizure authorized herein, destruction or other disposition of the goods seized, if any, immediate issuance of the prayed-for Preliminary Injunction to take effect immediately upon expiration or dissolution of the within Temporary Restraining Order,

12

and shall otherwise extend for the pendency of this litigation relief upon the same terms and conditions as comprise this Temporary Restraining Order.

**SO ORDERED:**

_____
United States District Court Judge

Dated: March 6, 2012
4:00 p.m.