UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HERMÈS INTERNATIONAL, and
HERMÈS OF PARIS, INC.,

    Plaintiffs,

v.

JOHN DOE 1 A/K/A LI HUA A/K/A
YAO DONG; JOHN DOE 2 A/K/A
HAO DA TOU A/K/A DA TOU LI
A/K/A HUWEISHENG
A/K/A GOU YI LU;
JOHN DOE 3 A/K/A LUOXIAOBO
A/K/A LIU MIAN A/K/A ZHEN
HONGXING A/K/A LIANGGUILIN
A/K/A LUO DA YOU A/K/A GAOHONG;
JOHN DOE 4 A/K/A JIU MA;
JOHN DOE 5 A/K/A CHEN YIBIN
A/K/A LEONA WANGQIANG;
JOHN DOE 6 A/K/A IAAI A/K/A
JKUOIU;
JOHN DOE 7 A/K/A XIN HONG;
JOHN DOE 8 A/K/A ZHENG RUISHAN;
JOHN DOES 9-100;
AND XYZ COMPANIES,

    Defendants.

---

Civil Action
No. 12 CIV. 1623 (DLC)

ORIGINAL
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/21/12

## [PROPOSED] PRELIMINARY INJUNCTION

  Plaintiff Hermès International and Hermès of Paris, Inc., ("Hermès" or "Plaintiffs"), by their counsel THE GIOCONDA LAW GROUP PLLC commenced this action on March 6, 2012 and simultaneously moved *ex parte* for a Temporary Restraining Order, Seizure Order, Asset Restraining Order, Domain Name Transfer Order, Order for Expedited Discovery, Order

Permitting Service by Electronic Mail, and Order to Show Cause for a Preliminary Injunction ("TRO"). The Court granted the Plaintiffs' motion and entered the TRO on March 6, 2012.

On March 16, 2012, the Plaintiffs filed an Affidavit of Service on the Defendants, confirming that the Defendants were served by electronic mail pursuant to the TRO on March 8, 2012.

The Defendants, having been served with the Complaint, TRO, and all related papers, have not appeared or opposed the Plaintiffs' application for a Preliminary Injunction.

Now, the Court, having reviewed the Complaint, Memorandum of Law, supporting Declaration, and exhibits submitted herewith, finds that:

1.   Plaintiffs are the owners of numerous valid and enforceable federally registered trademarks (the "Hermès Trademarks"), including the following registrations:

| Registration Number | Registered Trademark | Registration Date | Relevant International Classes |
|---|---|---|---|
| 368,785 | HERMES | June 27, 1939 | IC 8 and 14 (Jewelry) |
| 369,271 | HERMES | July 18, 1939 | IC 14 (Watches) |
| 369,681 | HERMES | Aug. 1, 1939 | IC 18 (Handbags and purses) |
| 369,944 | HERMES | August 8, 1939 | IC 10, 25 and 26 (Belts, scarves) |
| 2,893,199 | PLUME | Oct. 12, 2004 | IC 18 (Handbags and purses) |
| 2,991,927 | BIRKIN | Sept. 6, 2005 | IC 18 (Handbags and purses) |
| 3,198,963 | HERMES | January 16, 2007 | IC 35 (Computerized online retail store services in the fields of clothing and fashion accessories) |
| 3,480,825 | LINDY | August 5, 2008 | IC 18 (Handbags and purses) |
| 3,730,618 | JYPSIERE | Dec. 29, 2009 | IC 18 (Handbags and purses) |
| 3,834,062 | SO KELLY | August 17, 2010 | IC 18 (Handbags and purses) |
| 3,994,070 | BOLIDE | July 12, 2011 | IC 18 (Handbags and purses) |

2. Plaintiffs are also the owners of numerous valid and enforceable federally registered trademarks (the "Hermès Designs"), including the following registrations:

| Registration Number | Registered Trademark | Registration Date | Relevant International Classes |
|---|---|---|---|
| 1,806,107 | (handbag design) | Nov. 23, 1993 | IC 18 (Handbags and purses) |
| 1,806,108 | (handbag with H design) | Nov. 23, 1993 | IC 18 (Handbags and purses) |
| 2,436,099 | (circular horse-and-carriage H logo) | March 20, 2001 | IC 18 (Handbags and purses) |
| 2,866,641 | HERMES PARIS (with horse-and-carriage design) | July 27, 2004 | IC 35 (Online retail store services in the fields of clothing, fashion accessories, etc.). |

| 3,198,973 | HERMES (horse & carriage logo) | Jan. 16, 2007 | IC 35 (Online retail store services in the fields of clothing, fashion accessories, etc.). |
| --- | --- | --- | --- |
| 3,233,558 | H | Apr. 24, 2007 | IC 6 (wallets); 14 (jewelry); 18 (handbags and purses); 25 (clothing); 26 (belt buckles) |
| 3,233,557 | H | Apr. 24, 2007 | IC 6 (wallets); 14 (jewelry); 18 (handbags and purses); 25 (clothing); 26 (belt buckles) |
| 3,348,789 | (circular dotted H design) | Dec. 4, 2007 | IC 6 (Metal locks for handbags and purses, wallets, etc.); IC 18 (Handbags and purses) |
| 3,936,105 | (faint image) | Mar. 29, 2011 | IC 18 (Handbags and purses) |

4

| | | | |
|---|---|---|---|
| 3,939,358 | | Apr. 5, 2011 | IC 18 (Handbags and purses) |
| 3,980,546 | | June 21, 2011 | IC 14 (Jewelry products, namely necklaces, bracelets, watches, etc.) |

3.      The Plaintiffs are likely to succeed in showing that Defendants are using Internet websites to offer for sale and sell products bearing Counterfeit Products (as that term is defined in the Complaint), to consumers in the United States;

4.      The Defendants' manufacturing, distribution, offering for sale, and sale of Counterfeit Products will result in immediate and irreparable injury to Plaintiffs if injunctive relief is not granted, including seizure of Defendants' means of selling and distributing Counterfeit Products, and the disclosure of records pertaining thereto is not ordered;

5.      The Plaintiffs have demonstrated that the Defendants are entities or individuals operating websites, as set forth in the Complaint ("Infringing Websites"), offering for sale and selling Counterfeit Products, using various domain names, including, without limitation, the following domain names containing the HERMES® word mark or a confusingly similar variant thereof (collectively, the "Infringing Domain Names"):

5

6. The Defendants have registered at least the following Infringing Domain Names:

1. HermesBags-Outlet.net;
2. HermesBagsOutletStore.com;
3. HermesBagsOutlet.org;
4. HermesOutlet1.com;
5. HermesOutlet.org;
6. HermesHandbagOutlet.org;
7. HermesHandbagsOutlet.org;
8. HermesHandbagsOutlet1.org;
9. HermesHandbagsOutlet2.org;
10. HermesOutlet2.org;
11. HermesBagss.org;
12. HermesBirkin-Bags.org;
13. HermesBirkin-Bags1.org;
14. HermesOutletStore.com;
15. Outlet-Hermes.net;
16. Hermes--Outlet.com;
17. DiscountHermesBag.com;
18. HermesOutletMall.com;
19. HermesOutletBags.com;
20. HermesHandbags-Outlet.net
21. HermesKellyOutlet.com;
22. HermesOutletBags.net;
23. HermesOutletBags.org;
24. HermesOutletHandbags.com;
25. HermesOutletSale.com;
26. HermesOutletShop.com;
27. HermesOutletShop.info;
28. Hermes-BagsOutlet.com;
29. HermesBagsOutlets.net;
30. Hermes-BagsOutlets.com;
31. HermesBagsOutlet.net;
32. DeHermesHandbags.com;
33. Outlet-eHermes.com; and
34. HermesHandbagsOutlets.com.

7. The Plaintiff's harm from denial of the Preliminary Injunction would outweigh any harm to Defendants' legitimate interests from granting such an order;

8. Entry of an order other than a Preliminary Injunction would not adequately achieve the purposes of the Lanham Act to preserve the Plaintiffs' equitable remedies for

6

trademark counterfeiting, including: *inter alia*, the restraint of Defendants' Infringing Websites, the seizure of Defendants' Infringing Domain Names, and an award to the Plaintiff of lost profits.

THEREFORE, IT IS HERBY ORDERED that Defendants, and their officers, agents, servants, employees and attorneys and all those in active concert or participation with them, are PRELIMINARILY ENJOINED from:

  a. Using any reproduction, counterfeit, copy or colorable imitation of the Hermès Trademarks (as defined herein) for and in connection with any goods or their packaging not authorized by Hermès;

  b. Engaging in any course of conduct likely to cause confusion, deception or mistake, or to injure the Plaintiff's business reputation or dilute the distinctive quality of the Hermès Trademarks;

  c. Using any false description or representation, including words or other symbols tending falsely to describe or represent Defendants' unauthorized goods or their packaging as being those of Hermès, or sponsored by or associated with Hermès, and from offering such goods into commerce;

  d. Further infringing the Hermès Trademarks by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting, displaying or otherwise disposing of any products or their packaging not authorized by Hermès that bear any simulation, reproduction, counterfeit, copy or colorable imitation of the Hermès Trademarks;

  e. Using any simulation, reproduction, counterfeit, copy or colorable imitation of the Hermès Trademarks in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or

7

    distribution of any unauthorized products or their packaging in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Hermès, or to any goods sold, manufactured, sponsored or approved by, or connected with Hermès;

f. Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which may or is likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, distributed, or sold by Defendants are in any manner associated or connected with Hermès, or are sold, manufactured, licensed, sponsored, approved or authorized by Hermès;

g. Infringing the Hermès Trademarks or the Plaintiff's rights therein, or using or exploiting the Hermès Trademarks, or diluting the Hermès Trademarks;

h. Secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting or displaying of all unauthorized products which infringe or dilute the Hermès Trademarks; and

i. Effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in any Order in this action; and

      j. Using, linking, transferring, selling, exercising control over, or otherwise owning the Infringing Domain Names, or any other domain name that incorporates, in whole or in part, any of the Hermès Trademarks.

AND IT IS FURTHER ORDERED THAT pursuant to 15 U.S.C. § 1125 (d)(1)(C) the Infringing Domain Names shall be transferred to Plaintiffs pending trial, and, in order to effectuate this Court's Order, upon receiving notice of this Order from the Plaintiffs, the appropriate Internet registries and Internet domain name registrars, including without limitation Verisign, Inc. ("Verisign") and the Public Interest Registry ("PIR"), shall remove any locks and holds previously placed on the Defendants' Infringing Domain Names pursuant to the TRO, and shall take all necessary steps to transfer the Defendants' Infringing Domain Names to a gaining registrar of Plaintiffs' choice pending trial; and it is further

ORDERED THAT Hermès may place a public notice on any website corresponding to any or all of the Infringing Domain Names that have been seized pursuant to this Court's Order; and it is further

ORDERED THAT in accordance with Rule 64 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a) and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, Defendants and their officers, servants, employees and agents and any persons in active concert or participation with them, and any banks, savings and loan associations or other financial institutions, merchant account providers, payment providers, or third party processors for any Defendant, any of the Defendants' Websites, or for any other website owned or controlled by Defendants, who receive actual notice of this Order, shall immediately locate all accounts connected to Defendants of Defendants' Websites, including, without limitation, any PayPal® accounts, and such accounts shall remain

preliminarily restrained and enjoined from transferring or disposing of any money, stocks, or other of Defendants' assets, without prior approval of the Court, until trial; and it is further

ORDERED THAT this Preliminary Injunction remain in effect until a Permanent Injunction is entered.

Defendants are hereby given further notice that they shall be deemed to have actual notice of the issuance and terms of such Preliminary Injunction and any act by them or any one of them in violation of any of the terms thereof may be considered and prosecuted as contempt of this Court.

SO ORDERED:

_____
Hon. Denise L. Cote
United States District Court Judge

Dated: March 20, 2012

1:05 pm