UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HERMÈS INTERNATIONAL, and         :
HERMÈS OF PARIS, INC.,            :
                                  :
            Plaintiffs,           :
                                  :
      v.                          :
                                  :
JOHN DOE 1 A/K/A LI HUA A/K/A     :
YAO DONG; JOHN DOE 2 A/K/A        :
HAO DA TOU A/K/A DA TOU LI        :
A/K/A HUWEISHENG                  :
A/K/A GOU YI LU;                  :
JOHN DOE 3 A/K/A LUOXIAOBO        :
A/K/A LIU MIAN A/K/A ZHEN         :
HONGXING A/K/A LIANGGUILIN        :
A/K/A LUO DA YOU A/K/A GAOHONG;   :
JOHN DOE 4 A/K/A JIU MA;          :
JOHN DOE 5 A/K/A CHEN YIBIN       :
A/K/A LEONA WANGQIANG;            :
JOHN DOE 6 A/K/A IAAI A/K/A       :
JKUOIU;                           :
JOHN DOE 7 A/K/A XIN HONG;        :
JOHN DOE 8 A/K/A ZHENG RUISHAN;   :
JOHN DOES 9-100;                  :
AND XYZ COMPANIES,                :
                                  :
            Defendants.           :
                                  :
---

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/30/2012
```

Civil Action

No.: 12 Civ. 1623

**JUDGE COTE**

**DEFAULT JUDGMENT AND
PERMANENT INJUNCTION**

Plaintiffs Hermès International and Hermès of Paris, Inc. (collectively, "Hermès" or "Plaintiffs") commenced this action on March 6, 2012, and simultaneously moved *ex parte* for a Temporary Restraining Order, Seizure Order, Asset Restraining Order, Domain Name Transfer Order, Order for Expedited Discovery, Order Permitting Service by Electronic Mail, and Order to Show Cause for a Preliminary Injunction ("TRO"), which this Court also granted on March 6, 2012. On March 16, 2012, the Plaintiffs filed an Affidavit of Service on the Defendants.

The Defendants, having been served with the Complaint, TRO, and related papers, did not appear or oppose the Plaintiff's application for a Preliminary Injunction. On March 20, 2012 this Court granted the Plaintiffs' application for, and entered a Preliminary Injunction against all of the Defendants.

No Defendant appeared following this Court's entry of the Preliminary Injunction. No Defendant has answered the Complaint, and the time for answering the Complaint has expired. On April 19, 2012, the Court entered an Order to Show Cause why a default judgment should not be entered against all Defendants. No Defendant has appeared before the Court to show cause why a default judgment should not be entered.

Now, the Court, having reviewed the Complaint, Memoranda of Law, supporting Declarations, Affidavits, and exhibits submitted therewith, finds that:

1. Hermès is the owner of numerous valid and enforceable federally registered trademarks (the "Hermès Trademarks and Designs"), including without limitation the following:

| Registration Number | Registered Trademark | Registration Date | Relevant International Classes |
|---|---|---|---|
| 368,785 | HERMES | June 27, 1939 | IC 8 and 14 (Jewelry) |
| 369,271 | HERMES | July 18, 1939 | IC 14 (Watches) |
| 369,681 | HERMES | Aug. 1, 1939 | IC 18 (Handbags and purses) |
| 369,944 | HERMES | August 8, 1939 | IC 10, 25 and 26 (Belts, scarves) |
| 2,893,199 | PLUME | Oct. 12, 2004 | IC 18 (Handbags and purses) |
| 2,991,927 | BIRKIN | Sept. 6, 2005 | IC 18 (Handbags and purses) |
| 3,198,963 | HERMES | January 16, 2007 | IC 35 (Computerized online retail store services in the fields of clothing and fashion accessories) |
| 3,480,825 | LINDY | August 5, 2008 | IC 18 (Handbags and purses) |
| 3,730,618 | JYPSIERE | Dec. 29, 2009 | IC 18 (Handbags and purses) |
| 3,834,062 | SO KELLY | August 17, 2010 | IC 18 (Handbags and purses) |
| 3,994,070 | BOLIDE | July 12, 2011 | IC 18 (Handbags and purses) |
| 1,806,107 | [handbag design] | Nov. 23, 1993 | IC 18 (Handbags and purses) |
| 1,806,108 | [handbag design] | Nov. 23, 1993 | IC 18 (Handbags and purses) |
| 2,436,099 | [circular logo with horse and carriage over H] | March 20, 2001 | IC 18 (Handbags and purses) |

| Registration No. | Mark | Registration Date | Goods/Services |
|---|---|---|---|
| 2,866,641 | HERMÈS PARIS (with horse, carriage, and driver design) | July 27, 2004 | IC 35 (Online retail store services in the fields of clothing, fashion accessories, etc.). |
| 3,198,973 | HERMÈS (with horse, carriage, and driver design) | Jan. 16, 2007 | IC 35 (Online retail store services in the fields of clothing, fashion accessories, etc.). |
| 3,233,558 | H design (with horizontal bar) | Apr. 24, 2007 | IC 6 (wallets); 14 (jewelry); 18 (handbags and purses); 25 (clothing); 26 (belt buckles) |
| 3,233,557 | H design (with horizontal bar) | Apr. 24, 2007 | IC 6 (wallets); 14 (jewelry); 18 (handbags and purses); 25 (clothing); 26 (belt buckles) |
| 3,348,789 | CD design (dotted) | Dec. 4, 2007 | IC 6 (Metal locks for handbags and purses, wallets, etc.); IC 18 (Handbags and purses) |

| 3,936,105 | | Mar. 29, 2011 | IC 18 (Handbags and purses) |
|---|---|---|---|
| 3,939,358 | | Apr. 5, 2011 | IC 18 (Handbags and purses) |
| 3,980,546 | | June 21, 2011 | IC 14 (Jewelry products, namely necklaces, bracelets, watches, etc.) |

2. As set forth in the Complaint, Plaintiffs have demonstrated that the Defendants are entities and individuals that operate a large, fluid network of Internet websites ("Infringing Websites"), to offer for sale and/or sell products bearing counterfeits of the Hermès Trademarks and Designs ("Counterfeit Products") to consumers in the United States, and in this District, using various domain names, all of which incorporate one or more of the Hermès Trademarks and Designs, including without limitation the following thirty-four (34) domain names (collectively, the "Infringing Domain Names"):

5

- HermesBags-Outlet.net;
- HermesBagsOutletStore.com;
- HermesBagsOutlet.org;
- HermesOutlet1.com;
- HermesOutlet.org;
- HermesHandbagOutlet.org;
- HermesHandbagsOutlet.org;
- HermesHandbagsOutlet1.org;
- HermesHandbagsOutlet2.org;
- HermesOutlet2.org;
- HermesBagss.org;
- HermesBirkin-Bags.org;
- HermesBirkin-Bags1.org;
- HermesOutletStore.com;
- Outlet-Hermes.net;
- Hermes--Outlet.com;
- DiscountHermesBag.com;
- HermesOutletMall.com;
- HermesOutletBags.com;
- HermesHandbags-Outlet.net
- HermesKellyOutlet.com;
- HermesOutletBags.net;
- HermesOutletBags.org;
- HermesOutletHandbags.com;
- HermesOutletSale.com;
- HermesOutletShop.com;
- HermesOutletShop.info;
- Hermes-BagsOutlet.com;
- HermesBagsOutlets.net;
- Hermes-BagsOutlets.com;
- HermesBagsOutlet.net;
- DeHermesHandbags.com;
- Outlet-eHermes.com; and
- HermesHandbagsOutlets.com.

3.  Collectively, the Defendants sold and offered for sale at least nine (9) distinct types of goods, each bearing numerous counterfeits of the Hermès Trademarks and Designs.

4.  The Defendants have disregarded the TRO and Preliminary Injunction issued by this Court; and so the Court:

**HEREBY FINDS** that Defendants are liable for federal trademark counterfeiting and infringement under 15 U.S.C. § 1114, false designation of origin under 15 U.S.C. § 1125(a), trademark dilution under 15 U.S.C. § 1125(c), and cybersquatting under 15 U.S.C. § 1125(d)(1), trademark dilution under New York Gen. Bus. Law § 360-l, deceptive acts and practices under New York Gen. Bus. Law §§ 349-350, and trademark infringement and unfair competition in violation of federal and New York common law; and so it is

**ORDERED, ADJUDGED AND DECREED** that, pursuant to 15 U.S.C. § 1117(c)(2), the Plaintiffs be awarded statutory damages from the Defendants in the liquidated amount of **one-hundred million dollars ($100,000,000.00)**, and

**IT IS FURTHER ORDERED** that all monies currently restrained in Defendants' accounts held by PayPal, Inc. be released to Plaintiffs as partial payment of the above-mentioned damages; and

**IT IS FURTHER ORDERED** that in whole or partial satisfaction of the judgment Plaintiffs are entitled to any of the Defendants' monies and property, including domain names incorporating one or more of the Hermès Trademarks and Designs, wherever they may be found; and

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants, employees, attorneys, and all those in active concert or participation with them, are hereby **PERMANENTLY ENJOINED** from:

a. Using any reproduction, counterfeit, copy, or colorable imitation of the Hermès Trademarks and Designs for and in connection with any goods or their packaging not authorized by Hermès;

b. Engaging in any course of conduct likely to cause confusion, deception, or mistake, or to injure Plaintiffs' business reputation or dilute the distinctive quality of the Hermès Trademarks and Designs;

c. Using any false description or representation, including words or other symbols tending falsely to describe or represent Defendants' unauthorized goods or their packaging as being those of Hermès, or sponsored by or associated with Hermès, and from offering such goods into commerce;

d. Further infringing the Hermès Trademarks and Designs by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting, displaying, or otherwise disposing of any

7

products or their packaging not authorized by Hermès that bear any simulation, reproduction, counterfeit, copy, or colorable imitation of the Hermès Trademarks and Designs;

e. Using any simulation, reproduction, counterfeit, copy, or colorable imitation of the Hermès Trademarks and Designs in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation, or distribution of any unauthorized products or their packaging in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Hermès, or to any goods sold, manufactured, sponsored, approved by, or connected with Hermès;

f. Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which may or is likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, distributed, or sold by Defendants are in any manner associated or connected with Hermès, or are sold, manufactured, licensed, sponsored, approved, or authorized by Hermès;

g. Infringing the Hermès Trademarks and Designs or Plaintiffs' rights therein, or using or exploiting the Hermès Trademarks and Designs, or diluting the Hermès Trademarks and Designs;

h. Secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records that contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting, or

displaying of all unauthorized products that infringe or dilute the Hermès Trademarks and Designs; and

i. Effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in any Final Judgment or Order in this action; and

j. Creating, registering, using, linking, transferring, selling, exercising control over, or otherwise owning the Infringing Domain Names, or any domain name that incorporates, in whole or in part, any of the Hermès Trademarks and Designs; and

**IT IS FURTHER ORDERED** that the Internet registry for each of the Infringing Domain Names transfer the Infringing Domain Names to a registrar of Plaintiffs' choice; and

**IT IS FURTHER ORDERED** that the Infringing Domain Names that were transferred to Plaintiffs pending trial pursuant to the TRO and/or Preliminary Injunction shall remain permanently in the Plaintiffs' control;

**IT IS FURTHER ORDERED** that any domain name registry or other third party providers, including without limitation registrars, Internet Service Providers ("ISP"), back-end service providers, web designers, sponsored search engine or ad-word providers, merchant account providers, third party processors and other payment processing services, or shippers who receive actual notice of the terms of this Permanent Injunction, immediately and permanently cease rendering any services to the Defendants in connection with any of the Infringing Websites and Infringing Domain Names owned or operated by the Defendants; and

9

**IT IS FURTHER ORDERED** that, if Plaintiffs discover new domain names registered by the Defendants containing one or more of the Hermès Trademarks or marks confusingly similar thereto ("Additional Infringing Domain Names"), Plaintiffs ~~shall~~ *may* bring the Additional Infringing Domain Names to the Court's attention, and seek to establish to the Court's satisfaction that the Additional Infringing Domain Names were registered by the Defendants and thereby violate this Permanent Injunction. Upon making a sufficient showing, the Court may enter an appropriate Order finding that the Additional Infringing Domain Names fall within the scope of this Permanent Injunction. Such an Order finding the Additional Infringing Domain Names in contempt of this Permanent Injunction may then be served by the Plaintiffs upon the Internet Registries who shall place such Additional Infringing Domain Names on Registry Lock and Registry Hold, and transfer them to a registrar of the Plaintiffs' choosing. Further, Plaintiffs may provide actual notice of such an Order to third party service providers, including without limitation Internet registrars, Internet Service Providers ("ISP's"), back-end service providers, web designers, sponsored search engine or ad-word providers, merchant account providers, third party payment processors and other payment processing services, or shippers, who, upon receiving actual notice thereof, shall immediately and permanently cease rendering any services to the Defendants in connection with the Additional Infringing Domain Names and websites connected thereto. Further, upon giving actual notice of such an Order to any Internet search engines including, but not limited to, Google, Bing, and Yahoo, and any social media websites including, but not limited to, Facebook, Google+, and Twitter, (collectively "Internet Search and Social Media Websites"), such Internet Search and Social Media Websites shall de-index and remove from any search results pages any Additional Infringing Domain Names and websites connected thereto, unless otherwise instructed by this Court or by the Plaintiffs that any such

10

domain name is authorized to be reinstated, at which time it shall be reinstated to its former status within each search engine index from which it was removed; and

**IT IS FURTHER ORDERED** that Plaintiffs may complete service of this Order on Defendants by electronic mail to the addresses set forth in Exhibit 1 hereto, which service shall be deemed to provide actual notice to Defendants of the terms of this Order pursuant to Fed. R. Civ. P. 4(f)(3); and

**IT IS FINALLY ORDERED** that pursuant to Fed. R. Civ. P. 4(f)(3) Plaintiffs are permitted to complete service of this Order on the Defendants by publishing notice of this Order on the Infringing Domain Names seized and transferred to Plaintiffs.

**SO ORDERED:**

_____
Hon. Denise L. Cote
United States District Court Judge
Dated: April 27, 2012

## Exhibit 1 – List of Email Addresses

## Hermès Int'l et al. v. John Doe 1 a/k/a Li Hua, et al.,
## 12 CIV. 1623 (DLC) (SDNY)

JOHN DOE 1:
lihuaailidas@126.com
hermesbagsoutlet.org@gmail.com
abcdefg@qq.com
asd@23.com
www.hermesbirkinbags.org@gmail.com
hermesbagss.org@gmail.com
wwwhermeshandbagoutletorg@gmail.com

JOHN DOE 2:
diandian101@gmail.com
laura@163.com
chicken23@163.com
amw23@gmail.com

JOHN DOE 3:
sales@hermesoutletbags.com
32uyade@324.com
sales@hermeshandbags-outlet.net
sales@hermeskellyoutlet.com
sales@hermesoutletbags.net
hermesoutletbags@gmail.com
admin@jidggg.com
sales@hermesoutlethandbags.com
hermesoutletbags@gmail.com
sales@hermesoutletsale.com

JOHN DOE 4:
admin@qq.com
cheapluxurystore.com @gmail.com
Hermesoutletshop.info@domainsbyproxy.com
cheapluxurystore.com @gmail.com

JOHN DOE 5:
afei@afei.com
wwwhermesbagsoutletorg@gmail.com
wwwtiffanyandcooutletnet@gmail.com
1473045893@qq.com
sales@myhermesstore.com

<u>JOHN DOE 6:</u>
8989@hermesbagsoutlet.net
Hermesoutlets@hotmail.com
iuioui@dehermeshandbags.com

<u>JOHN DOE 7:</u>
tech@outlet-ehermes.com
designer-bags@live.com

<u>JOHN DOE 8:</u>
780115024@qq.com

13