**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HERMÈS INTERNATIONAL, and HERMÈS OF PARIS, INC., : : : Plaintiffs, : : v. : : JOHN DOE 1 A/K/A LI HUA A/K/A : YAO DONG; JOHN DOE 2 A/K/A : HAO DA TOU A/K/A DA TOU LI : A/K/A HUWEISHENG : A/K/A GOU YI LU; : JOHN DOE 3 A/K/A LUOXIAOBO : A/K/A LIU MIAN A/K/A ZHEN : HONGXING A/K/A LIANGGUILIN : A/K/A LUO DA YOU A/K/A GAOHONG; : JOHN DOE 4 A/K/A JIU MA; : JOHN DOE 5 A/K/A CHEN YIBIN : A/K/A LEONA WANGQIANG; : JOHN DOE 6 A/K/A IAAI A/K/A : JKUOIU; : JOHN DOE 7 A/K/A XIN HONG; : JOHN DOE 8 A/K/A ZHENG RUISHAN; : JOHN DOES 9-100; : AND XYZ COMPANIES, : : Defendants. : | Civil Action No. 12 Civ. 1623 **JUDGE COTE** |

---

## MEMORANDUM OF LAW
### IN SUPPORT OF HERMÈS' APPLICATION FOR AN
### ORDER TO SHOW CAUSE FOR
### CIVIL CONTEMPT AGAINST
### DEFENDANT JOHN DOE 2 (FIRST OFFENSE)

Plaintiffs Hermès International and Hermès of Paris, Inc. (collectively "Hermès" or the

"Plaintiffs") respectfully submit this memorandum of law in support of their application for an

Order to Show Cause finding Defendant JOHN DOE 2 A/K/A HAO DA TOU A/K/A DA TOU

LI A/K/A HUWEISHENG A/K/A GOU YI LU ("Defendant John Doe 2") in civil contempt of this Court's Orders (first offense).

During the course of their ongoing investigation into online sellers of counterfeit Hermès products, the Plaintiffs have been able to determine that Defendant John Doe 2 is continuing to create and/or using numerous Internet Domain Names which incorporate the Plaintiffs' trademarks in whole or in part (the "Newly-Detected Domain Names"). *See* Affidavit of Alexandra Noh, Exhibits A, B and C attached thereto, and Affidavit of Joseph C. Gioconda and Exhibits A through E attached thereto.

This evidence clearly demonstrates that Defendant John Doe 2 is apparently using the Newly-Detected Domain Names for the purpose of selling counterfeit Hermès products through various Internet stores operating in connection with those Infringing Domain Names (the "Infringing Websites"), in violation of this Court's orders.

Specifically, Hermès respectfully requests an Order finding John Doe 2 in contempt, and directing that the Newly-Detected Domain Names and Additional Domain Names be placed on Registry Lock, Registry Hold, and transferred to Hermès.

## I.     FACTUAL BACKGROUND

The Defendants were served with the Plaintiffs' Complaint and all related papers (the "Complaint") (Docket No. 1) through electronic mail as ordered by the Court, on March 8, 2012. *See* Affidavit of Service (Docket No. 4) (entered March 16, 2012).

On March 6, 2012, the Court entered a Temporary Restraining Order, Seizure Order, Asset Restraining Order, Domain Name Transfer Order, Order for Expedited Discovery, Order Permitting Service by Electronic Mail, and Order to Show Cause for a Preliminary Injunction (the "TRO") against the Defendants (Docket No. 3).  The TRO was served by electronic mail, as

ordered by the Court, on the Defendants along with the Complaint and other related papers, as reflected in the affidavit of service noted above.

Further, the Court ordered the Defendants to appear to show cause on March 20, 2012 to hear why a Preliminary Injunction should not be entered pursuant to Section 34 of the Lanham Act, 15 U.S.C. § 1116(d)(1)(A). No Defendant so appeared. As a result, on March 21, 2012, the Court converted the TRO into a Preliminary Injunction (the "Preliminary Injunction") (Docket No. 5). The Preliminary Injunction was served on the Defendants. See Affidavit of Service, Docket No. 6.

Finally, on April 7, 2012, this Court entered an Order to Show Cause for Default Judgment and Permanent Injunction. On April 22, the Order to Show Cause and all related papers were served on the Defendants. *See* Affidavit of Service (Docket No. 13). No Defendant responded or opposed the relief requested.

Therefore, on April 27, 2012, this Court entered a Default Judgment and Permanent Injunction against all the Defendants ("Permanent Injunction"). The Defendants were subsequently served with the Permanent Injunction by electronic mail. *See* Affidavit of Service (Docket No. 19).

In light of Defendant John Doe 2's continued operation (and, indeed, expansion) of his counterfeiting network in willful violation of this Court's orders, the Plaintiffs respectfully request the Court to enter an Order to Show Cause why Defendant John Doe 2 should not be found in civil contempt (first offense).

This Court has already found that Defendant John Doe 2 is responsible for operating a dynamic, sophisticated, and ever expanding counterfeiting network consisting of a number of essentially interchangeable online stores. *See* Permanent Injunction, Docket No. 14.

3

Based on the factual investigation detailed in, and exhibits attached to the Affidavit of Alexandra Noh, the Newly-Detected Domain Names that Defendant John Doe 2 now appear to be using include the following:

1) **BagsHermes.com;**

2) **DiscountHermes.net;**

3) **Hermes-Replica.net**

4) **HermesOutlet4Online.com;**

5) **HermesReplica.com;**

6) **MoreHermes.com;**

7) **SaleHermesBags.com,**

8) **eReplicaHermes.com;**

9) **Hermes-Outlet-Online.net;**

10) **Hermes-Outlet.net;**

11) **HermesBirkin-Bag.com;**

12) **HermesWallets.com;**

13) **MyHermesStore.net;**

14) **Shop-Hermes.com; and**

15) **ShowHermes.com.**

These Newly-Detected Domain Names direct to one or more Infringing Websites, all of which are located on the same two IP addresses, namely: 64.31.12.68 and 64.31.12.69. Additionally, the Plaintiffs have identified the following ten (10) additional domain names[1]

---

[1] The Additional Domain Names direct to one or more Infringing Websites, all of which are located on the same IP addresses as websites related to the Newly-Detected Domain Names. *See* Noh Affidavit at ¶ 19.

("Additional Domain Names") that do not contain "Hermes" in their titles, but which are nonetheless apparently controlled by Defendant John Doe 2, to sell counterfeit Hermès merchandise on Infringing Websites:

**16) PhilipesWatches.com;**

**17) SwissTimesWatches.com;**

**18) UKReplicaHandbags.com;**

**19) 3AAAWatches.com;**

**20) BeatsByDreOutlet.com;**

**21) LuxSwissWatches.com;**

**22) ReplicaWatchesA.com;**

**23) Watches-Shop.net;**

**24) WatchesFact.com; and**

**25) WatchesShop-UK.com.**

All of the Infringing Websites are designed to appear to consumers as legitimate online stores authorized to sell genuine Hermès products, are sophisticated-looking, written in English, and reportedly accept payment in U.S. dollars. *See* Noh Affidavit at Exhibit C. The Infringing Websites provide detailed product descriptions, claim to provide superior customer service, accept payment by major credit cards and/or PayPal® and feature "About Us" webpages that include descriptions of Hermès' business, suggesting that the sites are operated by or in conjunction with Hermès, when they are not. *Id.*

Many of the Infringing Websites provide live customer service in English. The Infringing Websites and Newly-Detected Domain Names also have common Registrant and/or

Administrative Contact Names (*e.g.*, Ai Zhenhua, Brian Miller, Jay Zhou, Pornsawang Chotima and Zhang Zhipeng). *See* Noh Affidavit at ¶ 24.

By using RogueFinder Investigative Software, and by conducting additional investigative research, Plaintiffs are able to conclude that the Newly-Detected Domain Names and related websites are likely commonly controlled or operated by the same person(s) or entity/entities, namely Defendant John Doe 2. *Id* at ¶ 1.

Despite the Plaintiffs' efforts and this Court's previous orders, Defendant John Doe 2's counterfeiting operation has apparently grown only more extensive. With the Court's assistance, Hermès has succeeded in shutting down all of the Infringing Websites listed in the Complaint, only to discover that John Doe 2 alone now controls nearly as many Infringing Webistes as did all the Defendants accused in the Complaint combined.

As with the websites selling counterfeits initially accused in the Complaint, Defendant John Doe 2 has deliberately designed the Infringing Websites to deceive consumers into believing that they are affiliated with Plaintiffs, by brazenly misappropriating the Hermès Trademarks, including incorporating the Hermès word mark in many domain names, and embedding genuine Hermès advertising campaign images into the websites' layouts. *See* Noh Affidavit at Exhibit C.

Hermès has been and continues to be damaged as a result of Defendant John Doe 2's ongoing conduct. These acts of counterfeiting not only diminish Hermès' goodwill and reputation, but have also sown substantial confusion, causing Hermès further harm and defrauding Hermès' customers.

Simply stated, John Doe 2 has been able to circumvent this Court's authority by simply shifting his operations and will continue to shift operations to new not yet registered and/or

discovered Infringing Websites.  Absent an order finding Defendant John Doe 2 in civil contempt and the imposition of sanctions empowering Hermès to target the instrumentalities of this counterfeiting scheme, these networks will only proliferate further, irreparably harming both Hermès and the public.

## II.    ARGUMENT

### A.    Defendant John Doe 2 is in Clear Contempt of this Court's Orders

#### 1.    *This Court has the Discretion Under 18 U.S.C. § 401 to Sanction Defendant John Doe 2 for His Contumacious Conduct*

As a preliminary matter, this Court is empowered to hold the Defendants in contempt of its orders.  Pursuant to 18 U.S.C. § 401, "[a] court of the United States shall have the power to punish by fine or imprisonment…at its discretion, such contempt of its authority…as (c) [d]isobedience or resistance to its lawful writ, process, order, rule decree, or command."  As detailed *supra*, Defendant John Doe 2's actions in this matter undoubtedly rise to the level of contumacious conduct contemplated by the statute.

In addition, that Defendant John Doe 2 has expanded his counterfeiting operations in order to circumvent the Court's directives amply demonstrates that sanctions are not merely proper, but necessary to secure compliance.  *See Ahava (USA) v. J.W.G., Ltd.*, 279 F.Supp.2d, 219, 221 (S.D.N.Y. 2003) (courts are empowered to issue sanctions for "contempt resulting from actions occurring outside the courtroom in an effort to compel future compliance with a court order.").

#### 2.    *Defendant John Doe 2 Should Be Held in Civil Contempt for Disregarding this Court's Orders*

In the Second Circuit, a party may be found in contempt of court provided that the "movant [can] establish that (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has

not diligently attempted to comply in a reasonable manner." *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Circ. 1995). Each aspect of the threshold inquiry is easily met here.

### a. The Court's Orders are Clear and Unambiguous.

A party may be found in contempt where a court's putatively violated directive is "[a] clear and unambiguous order…that leaves no uncertainty in the minds of those to whom it is addressed, [and] who must be able to ascertain from the four corners of the order precisely what acts are forbidden." *Id.* (internal citations omitted). Here, all of the Court's orders were precisely stated and are more than sufficient to have fairly informed the Defendants of the prohibitions and obligations imposed.

### b. There is Clear and Convincing proof of John Doe 2's Noncompliance

A finding of civil contempt "requires a quantum of proof adequate to demonstrate a reasonable certainty that a violation has occurred." *Panix Promotions, Ltd. v. Lewis*, No. 01 Civ. 2709 (HB), 2004 WL 421937 at *2 (S.D.N.Y. March 5, 2004) (internal citations omitted). Though John Doe 2's online counterfeiting network is complex and rapidly evolving, and despite his attempts to shroud his activities by taking advantage of the relative anonymity afforded by the Internet, Hermès has offered proof of the myriad connections linking Defendant John Doe 2 to the Newly-Detected Domain Names. *See* Noh Affidavit, Exhibits A and B.

The injunctions clearly and unambiguously prohibit the Defendants from making any use whatsoever (including, of course, infringing uses) of the Hermès Trademarks. Moreover, the Permanent Injunction prohibits the Defendants from:

> Creating registering, using, linking, transferring, selling exercising control over, or otherwise owning the Infringing Domain Names, or any domain name that incorporates, in whole or in part, any of the Hermès Trademarks….

The evidence provided to the Court appended hereto clearly shows that Defendant John Doe 2 continues to operate an expanded counterfeiting network using many of the Hermès Trademarks, in willful violation of this Court's orders. Hermès has introduced clear and convincing proof of Defendant John Doe 2's noncompliance.

**c.      Defendant John Doe 2 Has Not Diligently Attempted to Comply with this Court's Orders**

It is self-evident that Defendant John Doe 2 has not complied with any of this Court's orders.  Moreover, Defendant John Doe 2 has neither sought relief from the Court, nor offered any explanation for his noncompliance.  *See Huber v. Midland Bank*, 51 F.3d 5, 10 (2d Cir. 1995) ("the alleged contemnor's burden is to establish his inability [to comply with a court order]....").

Given all the foregoing, Hermès has put forth sufficient evidence that Defendant John Doe 2 has failed to comply with the Court's clear and unambiguous orders, and as a result should be held in civil contempt. *See, e.g., Eros Entertainment, Inc., at al. v. Melody Spot, L.L.C., et al.*, No. 99 CV 1157 SJ, 2005 WL 4655385 at *6 (S.D.N.Y. October 11, 2005) (holding defendants in contempt because "[the defendants] have not provided any explanation for their failure to comply, nor proffered any evidence to demonstrate their diligence in attempt to comply.")

**B.      Defendant John Doe 2's Operation and Expansion of Online Counterfeiting Websites Has Caused and Will Continue to Cause Hermès and the Public Irreparable Harm Without the Entry of an Order for Civil Contempt**

Both Hermès and the Court are confronted in this action with an anonymous John Doe Defendant who not only has shown utter disregard for the authority of the Court, but whose technical sophistication allows him to profit from the anonymity and fluidity available to savvy Internet operators.

It is clear that merely fining (largely anonymous) defendants a discrete amount cannot be reasonably expected to secure their compliance or address the damages caused by their infringement.  Only a more comprehensive remedy, which empowers Hermès to secure the compliance of third parties in order to seize and transfer the domain names that are the instrumentalities of the Defendants' online counterfeiting networks, would redress the harm caused to Hermès and the public by the ongoing infringement.

Court-imposed sanctions for civil contempt "should be calculated to coerce future compliance with the court's orders and to compensate the injured party for losses resulting from the contemptuous conduct." *Chere Amie, Inc. v. Windstar Apparel, Corp.*, 175 F.Supp.2d 562, 567 (S.D.N.Y. 2001).  In devising sanctions for civil contempt intended to compel compliance and redress injury, there are "several factors for courts to consider: 1) the character and magnitude of the harm threatened by continued contempt, 2) the probable effectiveness of the proposed sanction, and 3) the financial consequence of the sanction upon the contemnor." *Id.* Consistent with these factors, "in a civil contempt proceeding, the district court has broad discretion to fashion an appropriate coercive remedy…based on the nature of the harm and the probable effect of alternative sanctions…." *E.E.O.C. v. Local 28 of Sheet Metal Workers Int'l Ass'n*, 247 F.3d 333, 336 (2d Cir. 2001) (internal citations omitted).

Where parties cannot or will not abide by court orders, even in the face of contempt judgments, courts have the "discretion to impose coercive sanctions on the contemnor *if it foresees a reasonable prospect of future violations.*"  *Fendi Adele S.R.L. v. Burlington Coat Factory Warehouse Corp.*, 642 F.Supp.2d 276, 303 (S.D.N.Y. 2009) (emphasis added); *see also New York State Nat. Organization for Women v. Terry*, 886 F.2d 1339, 1353 (2d Cir. 1989) (upholding the district court's imposition of civil contempt sanctions requiring the defendant pay

a fine "for each successive act of contempt" in the future). While "[s]anctions for civil contempt can be imposed without a finding of willfulness…the Court may, however, consider a contemnor's intent in determining an appropriate sanction." *Upjohn Co. v. Medtron Laboratories, Inc.*, 894 F.Supp. 126, 135 (S.D.N.Y. 1995).

Defendant John Doe 2's actions in this matter are unmistakably willful and deliberate rejections of the Court's authority.  It is a certainty that this Defendant's counterfeiting and infringement of the Hermès Trademarks will simply continue unabated.  Therefore, Hermès respectfully requests that this Court enter an order holding Defendant John Doe 2 in civil contempt of its orders, and granting the relief requested in the proposed order.

## III.   CONCLUSION

For the all the foregoing reasons, the Plaintiffs respectfully request that this Court grant their proposed Order to Show Cause.

July 3, 2012                                    Respectfully Submitted,

                                               Joseph C. Gioconda (JG4716)
                                               Jonathan A. Malki (JM4410)
                                               Kristin Lia (KL7394)
                                               THE GIOCONDA LAW GROUP PLLC
                                               One Penn Plaza, 36th Floor
                                               New York, NY 10119-0002
                                               Telephone: (212) 786-7549
                                               Facsimile: (888) 697-9665

                                               Bell Plaza, Suite 607
                                               42-40 Bell Boulevard
                                               Bayside, NY 11361
                                               Telephone: (718) 423-3610

                                               Joseph.Gioconda@GiocondaLaw.com

                                               Attorneys for Plaintiffs

                                               HERMÈS INTERNATIONAL and
                                               HERMÈS OF PARIS, INC.